WESTLAND HOUSING CORPORATION & others *vs.*
COMMISSIONER OF INSURANCE.

Suffolk.     October 11, 1963. — December 6, 1963.

Present: SPALDING, WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*State Administrative Procedure Act. Equity Jurisdiction,* Review of decision of Commissioner of Insurance. *Superior Court,* Jurisdiction. *Insurance,* Workmen's compensation insurance. *Equity Pleading and Practice,* Rehearing.

Where the record on a petition under G. L. c. 30A, § 14, and c. 152, § 65M, for judicial review of a decision by the Commissioner of Insurance upholding grouping of the petitioners for workmen's compensation insurance rating purposes did not contain enough to permit a determination of the issue whether the Superior Court had jurisdiction to entertain the petition, the case was remanded to that court for findings on adequate evidence on the jurisdictional issue.

PETITION filed in the Superior Court on October 11, 1962.

The Massachusetts Workmen's Compensation Rating and Inspection Bureau intervened. The respondent and the intervener appealed from a final decree entered after hearing by *Kalus, J.*

*Herbert P. Wilkins* for the intervener (*David W. Hays,* Assistant Attorney General, for the Commissioner of Insurance, with him).

*John M. Reed* for Westland Housing Corporation.

*Sumner H. Babcock & Richard M. Harter,* for National Council on Compensation Insurance, amicus curiae, submitted a brief.

SPIEGEL, J.    This is a petition for review brought under G. L. c. 30A, § 14, and G. L. c. 152, § 65M, "so far as applicable," by ten corporations to review a decision of the respondent, the Commissioner of Insurance. The respondent upheld the grouping of the ten petitioners for rating purposes in accordance with Rule 9 of § III[1] of the "Ex-

---

[1] "Two or more separate risks shall not be combined for rating purposes; provided, however, that combination shall be made as respects risks in each of which the same person, or group of persons, or corporation owns a majority interest."

perience Rating Plan Manual" used by the rating bureau. A judge of the Superior Court entered a decree setting aside the decision of the respondent and ordering the Massachusetts Workmen's Compensation Rating and Inspection Bureau, an intervener in this suit, to "establish rates for each of the petitioners as separate risks, as provided in the first clause of said Section III, Rule 9. ('Two or more separate risks shall not be combined for rating purposes.')" The respondent and the intervener appealed from this decree.

In this court for the first time the respondent and the intervener question the jurisdiction of the Superior Court to act on the petition for review of the decision of the Commissioner. They argue that there was no statutory authority for an adjudicatory proceeding reviewable under G. L. c. 30A, § 14, and no right to review under G. L. c. 152, § 65M.

The substantive issue cannot be reached unless it is determined that there was jurisdiction in the Superior Court to act on the petition for review of the Commissioner's decision. *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 745.

Although we are urged to dismiss the petition for lack of jurisdiction, in the circumstances of this case we are reluctant to do so. The record is devoid of evidence from which we can decide the jurisdictional question. It is not for us to speculate. *Carey* v. *Planning Bd. of Revere, supra,* 744.

The statutes under which the petitioners brought their petition in the Superior Court, G. L. c. 30A, § 14, and c. 152, § 65M, set forth the circumstances in which the court has jurisdiction. There can be no review under c. 30A, § 14, unless there was an adjudicatory proceeding. *Springfield Hotel Assn. Inc.* v. *Alcoholic Beverages Control Commn.* 338 Mass. 699, 702. In order to secure a review under § 65M, the petitioners must be parties "aggrieved by any order or ruling of the . . . commissioner of insurance under any provision of sections sixty-five A to sixty-five L,

inclusive.'' The latter sections apply in general only to those employers originally assigned to their insurer, or to the voluntary pool, by the Commissioner. Both c. 152, §§ 65A–65M, and c. 30A, § 14, set forth provisions concerning the time and manner of filing appeals to the Commissioner or petitions for judicial review. There is no jurisdiction unless the petitioners complied with the appropriate requirements. See *Lincoln* v. *Board of Appeals of Framingham, ante,* p. 418.

It is for the court below on adequate evidence to make such findings of fact as will show whether the petitioners come within the jurisdictional provisions of the pertinent statutes; whether they were voluntary risks or were risks assigned by the Commissioner; and whether they complied with the dates and manners of filing. If there are other findings which bear on the issue of jurisdiction they should also be made.

The decree is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*