JOSEPH K. LYONS *vs.* LABOR RELATIONS COMMISSION;
WHITTIER REGIONAL TEACHERS ASSOCIATION, intervener.

Suffolk.    October 18, 1984. — April 1, 1985.

Present: PERRETTA, ROSE, & DREBEN, JJ.

*Labor Relations Commission. Appeals Court*, Summary disposition. *Administrative Law*, Judicial review. *Labor*, Union agency fee. *Constitutional Law*, Equal protection of laws.

The Labor Relations Commission was required to assemble the record of a proceeding before it for purposes of an appeal to this court, even though, in the commission's own view, its action was not reviewable. [564-566]

This court's summary decisions pursuant to Rule 1:28 of the Appeals Court, as amended, 10 Mass. App. Ct. 942 (1980), are without precedential value and may not be relied upon or cited as authority in unrelated cases. [566 n.7]

This court had jurisdiction to review the action of the Labor Relations Commission on an employee's complaint challenging the amount of a union's agency fee. [566-569]

It was constitutionally permissible for the Labor Relations Commission, by regulation, to limit to forty-five days the time within which an employee might file a complaint challenging the amount of a union's agency fee. [569-571]


APPEAL from an order of the Labor Relations Commission.

A motion to require the Labor Relations Commission to assemble the record for purposes of appeal was heard by *Brown*, J.

*Glenn M. Taubman*, of New York (*Frederick V. Casselman* with him) for the plaintiff.

*John B. Cochran* for the defendant.

*Brian A. Riley*, for the intervener, submitted a brief.

DREBEN, J. Following the option offered in *School Committee of Greenfield* v. *Greenfield Educ. Assn.*, 385 Mass. 70, 85 (1982), Joseph K. Lyons, a public school teacher and nonunion member, brought a prohibited practice complaint before the

Labor Relations Commission (Commission). He claimed that the union's[1] demand of an agency fee in an amount equal to full union membership dues was in excess of the fee allowed under the Commission's regulations. 402 Code Mass. Regs. 17.04 (1982).[2]

The Commission dismissed the complaint without a hearing and, after reviewing its decision at the request of Lyons, reaffirmed its dismissal for the reason that Lyons had failed to file his complaint within the forty-five day period prescribed by the Commission's regulations, 402 Code Mass. Regs. 17.06 (2) (1982),[3] or to show good cause warranting a waiver of the forty-five day filing requirement.

Lyons filed a notice of appeal with the Commission seeking review in this court pursuant to G. L. c. 150E, § 11, but the Commission refused to assemble the record. Its letter of refusal stated: "Please be advised that dismissals of charges after a probable cause investigation are not final orders under Section 11 of G. L. c. 150E and are therefore not subject to judicial review."

Unable to docket his appeal in this court, see Mass.R.A.P. 9(d) and 10(a), as amended, 378 Mass. 936, 937 (1979), Lyons filed a motion with the single justice to order assembly of the record and to permit the appeal to be heard by a panel of the court. The single justice denied Lyons' motion, and this appeal is taken from that denial.

Appended to Lyons' motion before the single justice were copies of the papers which he asserted constituted the record before the Commission. In its supplemental brief, see note 5, *infra*, the Commission appended a copy of an additional document and acknowledged that, subject to this inclusion, this court has the documents (and more) which constitute the record for purposes of appeal.

---

[1] The union is the intervener, Whittier Regional Teachers Association.

[2] That regulation is entitled "Impermissible and Permissible Costs" (for computing agency fees) and contains the Commission's taxonomy.

[3] That regulation provides: "Except for good cause shown, a charge challenging the amount of a service fee or its validity under 402 CMR 17.03 or 17.05 shall be filed within forty-five (45) days after the bargaining agent has made a written demand for payment of the fee pursuant to 402 CMR 17.05."

We hold that the Commission was required to assemble the record and that this court has jurisdiction to review the Commission's dismissal of Lyons' complaint, but we conclude that Lyons' constitutional challenges to the Commission's forty-five day filing requirement are without merit.[4] Accordingly, we reverse the denial of Lyons' motion by the single justice and affirm the dismissal of Lyons' complaint by the Commission.

1. *Refusal of the Commission to assemble the record.* The Commission has cited no authority[5] supporting its extraordinary claim that it may refuse to assemble the record because, in its view, the dismissal is not reviewable. Fundamental to our com-

[4] Lyons in his brief does not argue error in the Commission's failure to find good cause for the late filing of his complaint. That issue is, therefore, waived. Mass.R.A.P. 16(a) (4), as amended, 367 Mass. 921 (1975).

[5] The panel, by a written order after hearing oral argument, requested the parties to file supplemental briefs on the following:

*i)* the authority of the Commission to decline to assemble the record;

*ii)* The Commission's contention that a final order was not implicated in view of its order, issued contemporaneously with the order dismissing Lyons' complaint, that "[t]he entire sum of money which is presently in the escrow account established by Joseph K. Lyons . . . . shall be released . . . . and remitted to the Association [union]"; and,

*iii)* whether the record on appeal would differ if the panel were to order the Commission to assemble the record.

Supplemental briefing was completed on November 13, 1984. As to point *i*, not surprisingly, the Commission cited no authority. As to point *ii*, the Commission urges that no final order is involved in this appeal as Lyons did not appeal from the order issued contemporaneously with the Commission's order of dismissal. Lyons had moved to stay the order releasing the escrow funds, but the request for a stay had not been acted upon at the time Lyons filed his appeal. The Commission appended to its supplemental brief an order dated April 3, 1984 (issued subsequent to the bringing of this appeal) in which it reconsidered its prior order directing payment of the escrow account to the union. The new order directed that the funds be returned to Lyons. Our view that the Commission's dismissal order is subject to review makes consideration of any of the orders relating to the escrow account unnecessary.

The Commission, in its answer to point *iii*, claims that the record compiled by Lyons is over-inclusive and that the correspondence relating to scheduling of the investigatory conference should not be here. It lists the documents it would have included in the record. We determine that the documents listed by the Commission provide a record sufficient for purposes of this appeal.

mitment to the rule of law is that a government agency may not preclude judicial access to the record of a challenged decision based on its own determination that the decision is not subject to judicial review. Cf. *United States* v. *Nixon*, 418 U.S. 683, 692-693, 708-709 (1974). It is for the court, not the Commission, to determine whether an action is subject to judicial scrutiny.

Whether the agency is right or wrong on the issue of jurisdiction, it may not, by refusing to assemble the record, limit judicial inquiry into that question. Cf. *Smith* v. *FTC*, 403 F. Supp. 1000, 1008 (D. Del. 1975). Even where an appeal is improper, the Commission, like a clerk of court, must perform the task of assembling the record once a notice of appeal has been filed.[6] See Mass.R.A.P. 9(d); *Mancuso* v. *Mancuso*, 10 Mass. App. Ct. 395, 402 (1980); *Graves* v. *General Ins., Corp.*, 381 F.2d 517, 518 (10th Cir. 1967). Cf. *Westland Housing Corp.* v. *Commissioner of Ins.*, 346 Mass. 556, 557-558 (1963), where there was a remand to the Superior Court for evidence on the jurisdictional point, and cf. such cases as *Costello* v. *Department of Pub. Utils.*, 391 Mass. 527, 535-538 (1984), and *Foster from Gloucester, Inc.* v. *City Council of Gloucester*, 10 Mass. App. Ct. 284, 295 (1980), where appellate courts ordered supplementation of the record for purposes of review.

If an appeal is frivolous, this court has ample power to prevent abuse by imposing sanctions. We hold, therefore, that

---

[6] The task of assembling the record is not an onerous one under the Commission's practice, which is similar to Fed.R.App.P. 17(a) & (b). The "Notice of Appeal Rights," a form prepared by the agency, requires the Commission to file with the Appeals Court only a "certified list of documents which constitute the record." The "Notice" provides, in addition:

"Within ten (10) days after receipt of the Notice of Assembly of the Record, the appealing party must either work out an agreement with the Commission as to the contents of the record appendix or serve upon the Commission a designation of the parts of the record which the appealing party intends to include in the appendix and a statement of the issues which the appealing party intends to present for review. (See M.R.A.P. 18)."

the Commission acted improperly in refusing to assemble the record, and that the single justice erred in not requiring it to perform this ministerial function.

2. *Judicial reviewability of the Commission's dismissal of Lyons' complaint.* Relying on an unpublished decision of this court, the Commission argues that its dismissal of a prohibited practice charge without a hearing is not reviewable because it is a discretionary administrative act under G. L. c. 150E, § 11. See note 11, *infra.* Before discussing the substance of the Commission's claim, we take this occasion to point out, for reasons set forth in the margin, that unpublished decisions of this court are not to be relied upon or cited as authority in unrelated cases.[7] Not only is the cited decision without precedential value because it is unpublished, but the matter before the Commission in that controversy did not, as here, involve an agency fee — a crucial distinction.[8]

___

[7] The decisions of this court issued pursuant to Rule 1:28 of the Appeals Court, as amended, 10 Mass. App. Ct. 942 (1980), the so called summary decisions, while binding on the parties, may not disclose fully the facts of the case or the rationale of the panel's decision. This is particularly true of the few cases, like the one cited by the Commission, where the panel affirms the judgment of the court below without writing any memorandum. Summary decisions, although open to public examination, are directed to the parties and to the tribunal which decided the case, that is, only to persons who are cognizant of the entire record. In addition, unlike the published opinions of this court, the summary decisions of a panel are not considered by the entire court prior to release.

We note that the practice of not permitting citation of unpublished opinions as precedent in unrelated cases has been adopted by the First, Second, Seventh, Eighth, Ninth, and District of Columbia Circuits, and by the Court of Appeals for the Federal Circuit. See 1st Cir. R. 14; 2d Cir. R. § 0.23; 7th Cir. R. 35(b) (2) (iv); 8th Cir. R. 8 (i); 9th Cir. R. 21(c); D. C. Cir. R. 8(f); Fed. Cir. R. 18 (a). The remaining Federal circuits permit citation of unpublished opinions; some look on the practice with disfavor, and some limit such citation to specified circumstances. See 3d Cir.R. 21(1)(A)(i); 4th Cir. R. 18(d) (iii); 5th Cir. R. 47.5.3; 6th Cir. R. 24(b); 10th Cir. R. 17(c); and 11th Cir. R. 25. See also *Commonwealth* v. *Huot,* 380 Mass. 403, 408 n.4 (1980).

[8] We do not consider whether the Commission's discretion, where an agency fee is not implicated, is as broad as it asserts. We note, however: (1) that the NLRB analogy on which the Commission relies is based on somewhat different statutory provisions, see 29 U.S.C. § 153(d) (1982), giving the General Counsel "final authority" in "respect of the investigation

Any analysis of Lyons' right to judicial review must begin with two cases, *Abood* v. *Detroit Bd. of Educ.*, 431 U.S. 209 (1977), and *School Committee of Greenfield* v. *Greenfield Educ. Assn.*, 385 Mass. 70 (1982). *Abood* makes clear that while an agency shop provision[9] in a collective bargaining agreement covering government employees is constitutionally valid, the employees may not be compelled to subsidize "ideological activities unrelated to collective bargaining," *id.* at 236, nor may they be put to an unreasonable burden in exercising their rights to withhold support from such activities. See *id.* at 241. The burden to justify the fee must be placed on the union. *Greenfield,* 385 Mass. at 82, construed that burden as vesting the employee with certain procedural safeguards. The "onus of justification" is only "meaningful" if the legitimacy of the service fee "is proved before a neutral tribunal and *subjected to judicial review*" (emphasis supplied). *Id.*

---

of charges and issuance of complaints"; (2) that, even under the NLRB statute, certain refusals of the General Counsel to issue complaints are judicially reviewable, see, e.g., *Leedom* v. *Kyne,* 358 U.S. 184, 188 (1958) (order in excess of delegated powers and contrary to specific statutory prohibition subject to judicial review); *Associated Builders & Contractors, Inc.* v. *Irving,* 610 F.2d 1221, 1227 (4th Cir. 1979), cert. denied sub nom. *Associated Builders & Contractors, Inc.* v. *Lubbers,* 446 U.S. 965 (1980) (refusal of General Counsel to issue an unfair labor practice complaint should not be reviewed unless his act is in excess of his delegated powers); *Southern Cal. Dist. Council of Laborers* v. *Ordman,* 218 F. Supp. 633, 636 (C.D. Cal. 1970) (error of law); and (3) that even where an agency is to be guided by "unreviewable" policy considerations, agency discretion is not unlimited. Agencies "may not act upon mere whim or vagary. Put another way, besides the unreviewable elements in the agency decisions, there are other elements submissible to the test of elementary justice that is invoked by the words 'arbitrary or capricious.'" *Yerardi's Moody Street Restaurant & Lounge, Inc.* v. *Selectmen of Randolph, ante* 296, 301 (1985). See also *Heckler* v. *Chaney,* 470 U.S. 821, 838 (1985) (Brennan, J., concurring); *Wong Wing Hang* v. *Immigration & Naturalization Serv.,* 360 F.2d 715, 719 (2d Cir. 1966).

[9] An agency shop provision is one which requires, as a condition of employment, the payment of a service fee by every employee represented by the union, even though not a union member. See *Abood, supra* at 211. See also G. L. c. 150E, § 12, which permits public employers to enter into such agency shop agreements.

Similar concerns influenced the court's interpretation of G. L. c. 150E, § 12. Although that section requires a union to establish a rebate procedure, the court was not satisfied that that remedy would prove constitutionally adequate. See *Ellis* v. *Brotherhood of Ry., Airline & S.S. Clerks,* 466 U.S. 435, 441-443 (1984), where, subsequent to the decision in *Greenfield,* the United States Supreme Court held invalid a rebate scheme on statutory grounds. Thus, in *Greenfield,* § 12 was read to make the union rebate route merely permissive and to afford a dissenting employee the option of challenging the amount of an agency fee by bringing a prohibited practice complaint before the Labor Relations Commission. *Id.* at 81-85.

*Greenfield* also placed restrictions on the Commission. The Commission may not, prior to determining the permissible amount, order the fee paid to the union.[10] *Id.* at 85. Once the employee brings the complaint, "the burden of justifying the fee as permissible must rest on the organization." *Id.* As we have already indicated, this "burden is only meaningful if legitimacy is proved before a neutral tribunal and subjected to judicial review." *Id.* at 82. In addition, the Commission must give prompt attention to the employee's complaint. *Id.* at 85.

Federal courts, too, have imposed similar requirements. In *Hudson* v. *Chicago Teachers Union Local No. 1,* 743 F.2d 1187, 1192-1193, 1196 (7th Cir. 1984), employees of a school board were held to have a viable claim under 42 U.S.C. § 1983 (1982), because the procedure afforded them to challenge an agency fee was inadequate. The court held that as a "constitutional minimum," an employee is entitled to "fair notice, a prompt administrative hearing before the Board of Education or some other state or local agency — the hearing to incorporate the usual safeguards for evidentiary hearings before administrative agencies — and a right of *judicial review of the agency's decision.*" *Id.* at 1196 (emphasis supplied). Cf. *Robinson* v. *New Jersey,* 741 F.2d 598, 610-611, 615 (3d Cir. 1984), cert. denied, 469 U.S. 1228 (1985).

---

[10] This explains the Commission's order of April 3, 1984, revising its earlier ruling. See note 5, *supra.*

These safeguards, imposed by constitutional considerations, procedural as well as substantive, effectively curb the discretion of the Commission to dismiss an employee's challenge to an agency fee. In such cases, the first two sentences of G. L. c. 150E, § 11,[11] must bear this constitutional imprint. The constitutional constraints also require rejection of the Commission's contention that its discretion to dismiss Lyons' complaint is unreviewable. Just as the Supreme Judicial Court construed G. L. c. 150E, § 12, to avoid constitutional difficulty, we interpret the last two sentences of G. L. c. 150E, § 11,[12] as permitting judicial review of any Commission action which decides the outcome of a dissenting employee's challenge to an agency fee. We also hold, for purposes of review, that such decisions are adjudicatory proceedings which commence on the filing by the employee of his or her prohibited practices complaint. See G. L. c. 30A, § 14.[13]

3. *Lyons' challenge to the Commission's regulation.* With our jurisdiction to review established, we turn to Lyons' claim that the Commission's regulation establishing a forty-five day period in which a challenge must be filed is constitutionally invalid. 402 Code Mass. Regs. 17.06(2) is reproduced at note 3,

---

[11] The first two sentences of G. L. c. 150E, § 11, as amended through St. 1981, c. 351, §§ 244, 245, read: "When a complaint is made to the commission that a practice prohibited by section ten has been committed, the commission may issue an order dismissing the complaint or may order a further investigation or a hearing thereon. The commission may dismiss a complaint without a hearing if it finds no probable cause to believe that a violation of this chapter has occurred or if it otherwise determines that further proceedings would not effectuate the purposes of this chapter."

[12] The last two sentences of G. L. c. 150E, § 11, provide: "Any party aggrieved by a final order of the commission may institute proceedings for judicial review in the appeals court within thirty days after receipt of said order. The proceedings in the appeals court shall, insofar as applicable, be governed by the provisions of section fourteen or chapter thirty A."

[13] We reject as unduly burdensome the Commission's suggestion that Lyons should be required to follow a bifurcated route and proceed under G. L. c. 231A and G. L. c. 30A, § 7, in the Superior Court to challenge the Commission's forty-five day regulation. See *Newton* v. *Department of Pub. Utils.,* 367 Mass. 667, 677 (1975); *Hamilton* v. *Conservation Commn. of Orleans,* 12 Mass. App. Ct. 359, 374 (1981). See also *Florida Power & Light Co.* v. *Lorion,* 470 U.S. 729, 735-736 (1985).

*supra.* Lyons first argues that the regulation fails on equal protection grounds because agency fee claims must be filed within forty-five days after the demand for payment while all other prohibited practice charges (complaints) need be filed only within 180 days under the Commission's regulations.

Our discussion in part 2 of this opinion points out the constitutional considerations which bear on Lyons' agency fee challenge. The ensuring of Lyons' procedural and substantive rights does not require, however, that other substantial competing rights be ignored. In *Greenfield,* 385 Mass. at 85, and again in *Therrien* v. *Labor Relations Commn.,* 390 Mass. 644, 649 (1983), the Supreme Judicial Court acknowledged the public interest in promoting "peaceful and efficient labor relations" and voiced concern about the "possibility of crippling the association by nonaccess to the fees." *Therrien* at 649. Indeed, the "governmental interest in industrial peace" is what justifies the "significant impingement on First Amendment rights" of an agency shop provision which forces an employee "to support financially an organization with whose principles and demands he may disagree." *Ellis* v. *Brotherhood of Ry., Airline & S.S. Clerks,* 466 U.S. at 456, 455. See also *Abood,* 431 U.S. at 222, explaining that "such interference as exists is constitutionally justified by the legislative assessment of the important contribution of the union shop to the system of labor relations . . . ."

These substantial concerns led the *Greenfield* court to "expect the commission to adopt appropriate procedures, including one involving a prompt preliminary determination and payment of that portion of the fee clearly payable to the association. . . ." *Greenfield,* 385 Mass. at 85 n.9. In *Therrien,* 390 Mass. at 649, the court termed this expectation a "mandate" to the Commission to take prompt action on disputed fees. Obviously, if a dissenting employee must file his or her complaint within forty-five days, the determination of the disputed portion of the agency fee can be decided more quickly than if an employee has 180 days in which to file. We think the public interests articulated in *Greenfield* and *Therrien* and the court's "mandate" to the Commission provide clear bases for setting

a forty-five day period for filing an agency fee complaint and for rejecting Lyons' equal protection claims.

This is true even if somewhat more than a rational relation test of equal protection analysis is here applicable.[14] See *Marcoux* v. *Attorney Gen.*, 375 Mass. 63, 65 n.4 (1978).[15] In *Mills* v. *Habluetzel*, 456 U.S. 91, 99-100 (1982), where a one-year statute of limitations for establishing paternity of an illegitimate child was challenged (and found vulnerable), equal protection analysis focused on two related requirements. "First, the period for obtaining support . . . to illegitimate children must be sufficiently long in duration to present a reasonable opportunity . . . to assert claims on their behalf. Second, any time limitation placed on that opportunity must be substantially related to the State's interest in avoiding the litigation of stale or fraudulent claims." *Id.* See also *Pickett* v. *Brown*, 462 U.S. 1, 9 (1983).

Similarly here, we think the analysis must rest on two questions: First, is the period sufficiently long for dissenting employees to have a reasonable opportunity to assert their challenges to the amount of the agency fee? Second, is the time limit placed on that opportunity substantially related to the State's interest in not having labor associations crippled by nonaccess to the agency fees? Our previous discussion indicates that the answer to the second question is clearly positive. The first question is also, in our view, to be answered affirmatively. We note that under the Commission's regulations, 402 Code Mass. Regs. 17.05(2) (1982), the union's demand for an agency fee must provide employees with the text of the regulations, which includes the forty-five day rule. There is nothing to suggest, despite Lyons' protestations, that forty-five days is too short a period to allow full assertion of a dissenting employee's rights.

---

[14] We do not, however, consider the question whether, as Lyons asserts, a higher standard is appropriate.

[15] In *Marcoux,* the court articulated an equal protection analysis which suggests that "'strict scrutiny' and 'rational relation' are 'a shorthand for referring to the opposite ends of a continuum of constitutional vulnerability determined at every point by the competing values involved.'" *Bachrach* v. *Secretary of the Commonwealth,* 382 Mass. 268, 276 n.18 (1981).

We also find without merit Lyons' challenges based on due process, *Commonwealth* v. *B & W Trans., Inc.,* 388 Mass. 799, 805 (1983), and cases cited, and on the provisions of the Massachusetts Declaration of Rights cited by him.

The order of the single justice is reversed, and the order of the Commission dismissing Lyons' complaint is affirmed.

*So ordered.*