JOHN G. WOLBACH & others vs. WALTER A. BECKETT
& others.

Suffolk.    January 17, 1985. — July 1, 1985.

Present: ARMSTRONG, BROWN, & PERRETTA, JJ.

*Wetlands Protection Act.   Municipal Corporations,* Conservation commis-
sion. *Administrative Law,* Judicial review. *Practice, Civil,* Amendment.

Where a municipal conservation commission had refused to accept a notice
    of intent filed by an applicant pursuant to G. L. c. 131, § 40, on the
    ground that the notice was incomplete, it was within the authority of
    the Department of Environmental Quality Engineering to act on the
    applicant's request that the department consider the matter. [304-307]
Although the plaintiffs in an action seeking judicial review under G. L.
    c. 30A, § 14, of a decision of the Department of Environmental Quality
    Engineering were granted leave of court to file an "annex" to their
    complaint requesting judicial review of a second decision of the depart-
    ment on issues separate and distinct from those of the decision sought
    to be reviewed by the original complaint, the appeal from the second
    decision was not timely, as leave to file the "annex" was neither requested
    nor obtained until after the expiration of the thirty-day period provided
    for filing an appeal. [308]
The record in proceedings before the Department of Environmental Quality
    Engineering supported the department's decision as to which of the
    geographical areas in question were subject to G. L. c. 131, § 40, and
    its issuance of an order of conditions respecting a proposed development.
    [308]

CIVIL ACTION commenced in the Superior Court Department
on June 10, 1981.

The case was heard by *George W. Cashman,* J., sitting
under statutory authority.

*Francis C. Newton, III,* for the plaintiffs.

*Anne Rogers,* Assistant Attorney General, for Commissioner
of Environmental Quality Engineering.

*Anton T. Moehrke* for Walter A. Beckett & another.

PERRETTA, J.  This appeal presents a new phase of the controversy, on-going for over ten years, between the plaintiffs (abutters and other aggrieved parties) and the defendant trustees of the Defense Housing Trust (trustees), who have been attempting to commence construction work on land located in Sudbury. For the subdivision aspect of the controversy, see *Strand* v. *Planning Bd. of Sudbury,* 5 Mass. App. Ct. 18 (1977), *S.C.,* 7 Mass. App. Ct. 935 (1979). The present appeal is from a judgment of the Superior Court, on the plaintiffs' complaint for judicial review under G. L. c. 30A, § 14, affirming the decision of the defendant Department of Environmental Quality Engineering (department). We affirm.

I. *Prior Proceedings.*

In December of 1979, the Sudbury conservation commission (commission)[1] determined that G. L. c. 131, § 40, the Wetlands Protection Act, applied to the trustees' twenty-six acre parcel of land upon which they wanted to construct a roadway and install a storm drainage system. Thereafter, the trustees filed a notice of intent with the commission, see § 40, first par., and 310 Code Mass. Regs. § 10.05 (1978), and a public hearing was held on or about March 5, 1980. At that hearing, the trustees were advised that their notice was incomplete, so they withdrew it. That notice is not here at issue.

Nothing happened until May 1, 1980, when the commission received another notice of intent from the trustees, which it returned to them on May 16, 1980, as "incomplete." Enclosed with the rejected notice and cover letter was a copy of the commission's "Guidelines and Instructions" for filing "Notice of Intent." Review of the commission's cover letter and guidelines reveals that the trustees had failed to include color-coded plans (or engineering drawings) with their notice.[2]  It does not appear from the record that the trustees made any pro-

---

[1] Although the commission took part in the proceedings before the department, it has not participated in the plaintiffs' appeal from the decisions of the department or of the trial court.

[2] The color code requirement instructed that the plan or drawing indicate by various and specifically described means the "[e]xisting wetlands, flood plains and waterways" as well as the "proposed alteration to site."

test to or inquiry of the commission concerning the return of their notice. The next document we see is the trustees' request to the department (dated May 23, 1980) that it act on the notice of intent in view of the commission's failure to hold a timely public hearing. See G. L. c. 131, § 40, thirteenth par.; 310 Code Mass. Regs. § 10.06 (1978).

The department took up the trustees' request, made a determination of applicability of G. L. c. 131, § 40, and issued an order of conditions. The plaintiffs and the commission then requested an adjudicatory hearing. By agreement of the parties, the hearings officer bifurcated the hearing. The first part of the hearing concerned "jurisdictional" questions: whether the department could consider the trustees' request where the commission had not held a public hearing because it had returned the notice as "incomplete," and whether the geographical areas in question were subject to G. L. c. 131, § 40. That hearing was followed by another, addressing the question of the protection of the wetlands afforded by the department's order of conditions to the trustees' proposed activity.

On April 8, 1981, the department issued its decision that the trustees' request was properly before it and that G. L. c. 131, § 40, applied to the area in question. The decision advised that the parties could file a motion for reconsideration, and the plaintiffs did so. That motion was denied, and, within thirty days of the denial, the plaintiffs brought their complaint under G. L. c. 30A, § 14. On July 23, 1982, the department issued its decision on the second phase of the hearings (the order of conditions), and the plaintiffs again timely moved for reconsideration. Their motion was denied on or about September 10, 1982, and some fifty-six days later the court granted them leave to file an "Annex" to their previously filed complaint. In the "Annex," they sought review of the department's order of conditions.

II. *The "Incomplete" Notice.*

Under 310 Code Mass. Regs. § 10.04(3) and § 10.05(4) (1978), the commission could rightly conclude that the trustees' notice was incomplete for failure to submit properly color-coded engineering plans. It does not follow from that conclu-

sion, however, that the commission may refuse to accept the notice for filing. Rather, it appears that the commission's proper course of action should have been to file the notice, schedule the public hearing, and then deny the request. 310 Code Mass. Regs. § 10.05(6) and (7) (1978).[3] The department took the position that the commission must accept the notice and hold the public hearing, irrespective of the inadequacy of the information therein contained. The reasoning is that, if the commission can simply refuse to accept the notice, it can prevent the applicant from seeking any further review of the request made in the notice. Thus, the commission's refusal to accept the notice for filing must be treated as a "failure to act" by the commission, thereby giving the applicant the right to request the department to act. The department's position is consistent with the language of G. L. c. 131, § 40, as amended through St. 1979, c. 693, the pertinent portion of the thirteenth paragraph providing: "If a conservation commission has failed to hold a hearing within the twenty-one day period as required, or if a commission, after holding such hearing has failed within twenty-one days therefrom to issue an order . . . or where an order does issue from said commission, the applicant . . . may, by certified mail and within ten days from said commission's order or failure to act, request the department . . . to determine whether the area on which the proposed work is to be done is

---

[3] The cited sections of 310 Code Mass. Regs. (1978) read, in pertinent part:

§ 10.04(3): "The applicant may submit, or be required to submit by the conservation commission or Commissioner [of the department], any further information which will assist in the review and which is deemed necessary to determine the proposed effect on the environment."

§ 10.05(4): "A complete filing for the purpose of this Act shall include the following: (a) A completed Notice of Intent including plans to be filed therewith."

§ 10.05(6): "Where the material required in 310 CMR 10.05(4) is not submitted to the conservation commission, an Order may prohibit the activity after a public hearing."

§ 10.05(7): "The adequacy of the items to be submitted under 310 CMR 10.05(4) shall be reflected in the Order to be issued by the conservation commission."

significant to . . . [interests protected by § 40]. . . . Upon receipt of such request the department shall make the determination requested and shall . . . impose such conditions as will contribute to the protection of the interests described herein . . . ."[4] Thus, unless the commission's refusal to accept the notice of intent for filing is treated as a failure to hold a public hearing and, hence, a failure to act, the applicant has no basis in § 40 for requesting action by the department.

The obvious reply to the department's reasoning is that, depending upon the degree of the inadequacy of the information contained in the applicant's notice, the required public hearing can be more ritualistic than meaningful. Yet, statutory provisions which create a right in the public to participate in land usage decisions are not uncommon. Traditionally, such provisions have been strictly enforced. See, e.g., *Co-Ray Realty Co.* v. *Board of Zoning Adjustment of Boston,* 328 Mass. 103, 107 (1951); *Gallagher* v. *Board of Appeals of Falmouth,* 351 Mass. 410, 414 (1966); *Planning Bd. of Peabody* v. *Board of Appeals of Peabody,* 358 Mass. 81, 83 (1970); *Strand* v. *Planning Bd. of Sudbury,* 5 Mass. App. Ct. at 23.[5]

---

[4] In accord with § 40, the department promulgated 310 Code Mass. Regs. § 10.06(2) (1978), which provides, in relevant part: "The applicant [or] any person aggrieved by an Order issued after the . . . commission's public hearing . . . may request, in writing, a determination to be made by the Department within ten days from the . . . commission's Order or determination or failure to act."

[5] The department disposes of the public hearing issue by citing *Falmouth Conservation Commn.* v. *Department of Environmental Quality Engr.,* 17 Mass. App. Ct. 1116 (1984), which held that alleged noncompliance with G. L. c. 131, § 40, does not deprive the department of "jurisdiction" over a request for action. That decision, however, was issued pursuant to Rule 1:28 of the Appeals Court, as amended, 10 Mass. App. Ct. 942 (1980), and is unavailable for use as precedent. See *Lyons* v. *Labor Relations Commn.,* 19 Mass. App. Ct. 562, 566 & n.7 (1985). We note, however, that in that case the defect in the proceedings was that the applicant had failed to file an environmental impact report, see G. L. c. 30, § 62A; nonetheless, there was a full public hearing on the application, after which the commission issued its decision.

In going behind the summary order issued in the *Falmouth* case, we do not retreat from the strong message in *Lyons*. We have given the department the benefit of the fact that it filed its brief prior to *Lyons*.

There is nothing in § 40, however, which even suggests that local public participation is a condition precedent to a determination by the department on the applicant's request. The express language of the statute is to the contrary.[6] The department's right to act with or without local input, so long as the local commission had the opportunity to participate, flows from the fact that the ultimate determination is not made by the local authorities. Rather, it is made by a Statewide agency, the department, which acts to protect a statewide interest. See *Hamilton* v. *Conservation Commn. of Orleans,* 12 Mass. App. Ct. 359, 368 (1981).

III. *The Merits.*

The plaintiffs' remaining arguments concern the various determinations made by the department on the substantive issues raised by the trustees' request. It is unnecessary to recite the details of the plaintiffs' numerous challenges to the department's decision; rather, it is sufficient to state that all their complaints turn on issues of credibility and the weight afforded to the evidence presented by the parties.

We note that some of the issues presented by the plaintiffs arise out of the department's decision after the second phase of

---

[6] Should the department be of opinion that the applicant's submission is inadequate, § 40 does not require that the application be returned to the commission. Rather, § 40, thirteenth par., provides that "the department shall notify the applicant within thirty days of the receipt of such request if his application or request is not in proper form or is lacking information or documentation necessary to make the determination." See also 310 Code Mass. Regs. § 10.04(3) (1978), at note 3, *supra.* The fact that the statute *allows* the department to make a determination notwithstanding an incomplete application at the local level does not mean that the department could not amend its regulations *to require* a remand to the commission in such a situation. See 310 Code Mass. Regs. § 10.05(7)(h) (1983), which reads, in pertinent part: "If the Department determines that insufficient information was submitted, it shall affirm the denial and instruct the applicant to refile with the conservation commission and include the appropriate information. If the Department determines that sufficient information was submitted, it shall so inform the applicant and the conservation commission, and shall proceed to issue a Superseding Order as provided in 310 CMR 10.05." The 1983 regulation is consistent with § 40 and is reasonable. See generally *Grocery Mfrs. of America, Inc.* v. *Department of Pub. Health,* 379 Mass. 70, 75 (1979); *Purity Supreme, Inc.* v. *Attorney Gen.,* 380 Mass. 762, 776 (1980).

the bifurcated hearing. As earlier noted, the department's final decision after the second hearing was issued on or about September 10, 1982, but the plaintiffs did not attempt to file their complaint under G. L. c. 30A, § 14, until October 28, 1982. Although the plaintiffs label this complaint an "annex" to the earlier and timely filed complaint for review from the decision after the first phase of the hearings, the "annex" is not, in our review, an amendment of the original complaint. It is a request for judicial review of the department's decision on issues separate and distinct from those earlier adjudicated. As such, it should have been filed within the thirty-day period set out in G. L. c. 30A, § 14(1). The fact that the plaintiffs were granted leave of court on November 5, 1982, to file their "annex" does not render it timely, as leave was neither requested nor obtained until after expiration of the thirty-day time period. See *Flynn v. Contributory Retirement Appeal Bd.*, 17 Mass. App. Ct. 668 (1984).

Even if the "annex" were a true amendment or it had been filed timely, the plaintiffs would not prevail. All their challenges to the department's decision are, in fact, arguments to the effect that we "should make independent findings on our own initiative from the record more in accordance with the plaintiff[s'] theory of the case in place of making a determination as to whether substantial evidence exists to support the [department's] findings." *Number Three Lounge, Inc.* v. *Alcoholic Beverages Control Commn.*, 7 Mass. App. Ct. 301, 309 (1979). This we will not do for the reasons set out in *Number Three Lounge* and the cases therein cited.

*Judgment affirmed.*