Sosman, J.
Plaintiffs Eugene Novak and Christine Florio brought the present action complaining of the decision of the Department of Environmental Protection (DEP) to reinstate the previously dismissed appeal of an Order of Conditions granted to the plaintiffs by the Conservation Commission of Newbury. DEP has moved to dismiss the action for failure to exhaust administrative remedies. For the reasons set forth below, the motion is denied, and plaintiffs are entitled to judgment in their favor declaring that the actions of DEP in continuing to process the appeal of the Novak/Florio project are beyond DEP’s authority.
Background
In April 1993, Novak and Florio sought approval from the Conservation Commission of Newbury to construct a residential dwelling at 58 Northern Boulevard on Plum Island. The residence was intended to be Novak’s and Florio’s home. As the project potentially affected a protected wetland resource, the Conservation Commission was either to issue an Order of Conditions ensuring compliance with DEP standards *453 or to prohibit the project altogether. On July 27, 1993, the Conservation Commission issued an Order of Conditions, which allowed Novak and Florio to proceed with the construction of their home with certain specified conditions.
Under its regulations, DEP has the authority, on its own initiative, to review the issuance of any Order of Conditions. DEP took no such action, thus signifying (albeit passively) that it was satisfied that the Order of Conditions as issued by the Conservation Commission satisfied DEP’s standards.
Edwin Furman, a neighbor who claims that the Novak/Florio home may adversely affect the dunes and expose his own beachfront property to storm damage, filed a Request for Superseding Order of Conditions with DEP on or about July 31, 1993. DEP regulations require that anyone seeking such review by DEP must send the applicant a copy of the Request (either by certified mail or by hand delivery) within ten days of the issuance of the Order of Conditions. 310 CMR lO.OS^Hd).[1] Furman did not deliver or send a copy of his Request to Novak and Florio as required under the regulations, nor did he give them any notice that he had sought DEP review of their project.
Since 1988, DEP has had a written policy (Wetlands Protection Program Policy 88-4) under which failure to serve the applicant within the required time results in dismissal of the Request for Superseding Order. The reason for that policy was explained as follows:
At times, DEQE’s Regional Offices receive Requests for Superseding Orders of Conditions or Superseding Determinations of Applicability which contain no proof of service ... Of particular concern to the Department is the lack of notice to the applicant who, under 310 CMR 10.05(7)(k), may properly rely on the closure of the ten day regulatoiy appeal period as a signal to begin work in accordance with the Order of Conditions.
Confusion results when Requests for the Departmental action are filed, no notice is given to the applicant, and the applicant, in reliance on the finality of the Order of Conditions, goes forward. Heretofore, the Department’s Legal Office required a showing of harm on the applicant’s part before dismissing an appeal filed without the proper notice. When requested, this showing of prejudice has been uniformly provided by applicants.
Accordingly, the policy went on to provide:
The Legal Office will now presume that applicants have been prejudiced by the lack of notice. Requests for Superseding Orders or Superseding Determinations filed with the Regional Offices, and Requests for Adjudicatory Hearings filed with the Legal Office, submitted without proper service to the applicant, will now be dismissed for this procedural violation.
By statute and by regulation, DEP is to issue its Superseding Order, if any, within 70 days after the Request for Superseding Order is filed. G.L.c.131, §40; 310 CMR 10.05(7)(f). As of 70 days after the filing of Furman’s Request, Novak and Florio had still not been notified of the filing of Furman’s Request for Superseding Order.
In late November 1993, almost four months after Furman’s Request had been filed, Michael Turgeon of DEP’s Regional Office contacted the attorney for Novak and Florio by telephone and asked him if the applicants had ever received any notice of a Request for Superseding Order of Conditions on their project. Turgeon was advised that the applicants had not been served with any Request. This telephone inquiry in late November 1993 was the first time Novak and Florio had heard that any such Request for review of their project had been filed with DEP. In that same telephone conversation, Turgeon went on to explain DEP’s policy to dismiss any Request that had not been timely served on the applicant. Thus, simultaneous with the first notice to Novak/Florio of the filing of Furman’s Request for DEP review of their project came the information that Furman’s Request would be dismissed for lack of timely service.
On January 11, 1994, DEP sent a letter to Furman, with copy to Novak and Florio. That letter advised Fur-man that DEP had learned of his failure to serve the applicants in accordance with the regulations. It then went on to explain the consequences of failure to make timely service: “Unless it can be proven that a copy of your request was sent to the Department and the Applicant by certified mail within 10 business days of the issuance of the Order of Conditions the Department must dismiss your appeal." Furman was given until February 1, 1994 to “provide the Department with proof that your appeal was received by the Applicant within the timeframes described above.” In the absence of a response by February 1, “this letter will serve as notification that your appeal has been dismissed.”
On January 13, 1994, Furman wrote to DEP, with a copy to Novak and Florio. In that letter, Furman conceded that he had not sent the applicants any copy of his Request for Superseding Order. He contended, however, that he had not done so because DEP had failed to explain the requirement to him. Arguing that the failure to effect service was “not through negligence or neglect on my part but through a lack of explanation by the Department of Environmental Protection,” Furman asked that his Request for Superseding Order be reopened. He also enclosed with his letter a $100 check for the adjudicatory appeal filing fee.
On March 16, 1994, Mr. Turgeon of the DEP again contacted Novak and Florio’s attorney advising him that there was not yet any resolution of Furman’s January 13, 1994 request for an adjudicatory hearing and that, until there was a resolution, Novak and Florio were to cease work on the project. On March 22, 1994, DEP sent Novak and Florio a letter confirming in writing that they were to stop work on the project *454 pending resolution of Furman’s request for hearing. This contact from DEP in March 1994 was the first time Novak and Florio had been told that Furman’s appeal was still open and the first time they had been told that, due to his open appeal, they could not proceed with work on their house.[2]
On March 24, 1994, Novak and Florio filed an emergency motion to dismiss Furman’s appeal. That motion was followed by a letter, dated March 31, 1994, in which Novak and Florio advised DEP that the (unanticipated) imposition of the stop work order was a hardship on them, as work was already underway at the site.
In the absence of any response to their request for a prompt hearing on the motion to dismiss Furman’s appeal, Novak and Florio filed a civil action against both DEP and Furman, Novak v. Department of Environmental Protection, Worcester Superior Court, Civil Action No. 94-0775. In that first suit (Novak I), Novak and Florio asked for a declaratory judgment that DEP had no jurisdiction to hear Furman’s appeal or to issue any stop work order. There, as here, DEP immediately filed a motion to dismiss for failure to exhaust administrative remedies. On the ground that DEP should have the opportunity in the first instance to decide the question of its own jurisdiction (see Saint Luke’s Hospital v. Labor Relations Commission, 320 Mass. 467, 470 (1946)), the motion to dismiss that particular claim for relief was granted without prejudice.[3] [Novak v. Dept. of Environmental Protection, 3 Mass. L. Rptr. No. 15, 321 (April 10, 1995).] In the course of that motion in Novak I, the court was “repeatedly assured” that DEP would issue its decision on the Novak/Florio motion “shortly.”
On October 21, 1994, the Administrative Law Judge (ALJ) issued a Final Decision denying the Novak/Flo-rio emergency motion to dismiss Furman’s appeal and vacating the dismissal of Furman’s Request for Superseding Order. With regard to the lack of timely service, the ALJ noted both the requirement for timely service and DEP’s longstanding policy of dismissing Requests that were not timely served on the applicant. However, the ALJ also noted that the presumption that an applicant has been prejudiced by lack of timely service is a rebuttable presumption. Where there is “evidence demonstrating affirmatively that lack of timely service has not prejudiced the applicant,” the presumption of prejudice is successfully rebutted. The ALJ then recited as “uncontradicted facts” that applicant Florio had applied for a town septic system construction permit in September 1993, prior to any notice that Furman had filed an appeal. Florio had also entered into a contract with a structural engineer in the fall of 1993. At unspecified times, Florio had also contracted with an architect, and applied for and obtained other permits related to the project. Actual construction at the site did not commence until February of 1994.
The ALJ went on to relate the telephone inquiry to the applicant’s attorney, which the ALJ described as occurring in “the fall” of 1993.[4] While acknowledging that the application for septic system permit had been made prior to that telephone call, the ALJ then concluded that the other actions taken by the applicants in reliance on the finality of the Order of Conditions “occurred approximately at, and after, they first received constructive notice” of the pendency of Furman’s Request.
From this chronology of events, the ALJ concluded that the evidence “shows affirmatively that the applicants were not prejudiced by the petitioner’s failure to serve a copy of his Superseding Order request upon them” because “the applicants did very little with their Order of Conditions at least until they received constructive notice of the Superseding Order request, and for the most part not until after the Superseding Order request had mushroomed into a full-blown adjudicatory appeal.” The ALJ then concluded that the presumption of prejudice had been rebutted.
The ALJ also rejected the applicants’ argument that the DEP’s failure to issue a Superseding Order within 70 days deprived the agency of jurisdiction to consider Furman’s Request,[5] and rejected their argument that Furman lacked standing. The ALJ’s decision was adopted by the Acting Commissioner. Accordingly, the previous dismissal of Furman’s Request for Superseding order was vacated and his Request was reinstated for further processing on the merits.
The ALJ’s decision was entitled “Final Decision.” In its final paragraph, the parties were advised of their appeal rights as follows: “[A]ny party may appeal this Decision to the Superior Court pursuant to the Massachusetts Administrative Procedure Act, M.G.L.C.30A, §14(1). The complaint must be filed in the Court within thirty (30) days of receipt of this Decision.”
Plaintiffs filed the present action on November 9, 1994. DEP thereupon filed the present motion to dismiss for failure to exhaust administrative remedies.
At oral argument on DEP’s motion to dismiss, the court was advised by both parties that DEP has, since the October 1994 decision of the ALJ, gone ahead and issued a Superseding Order of Conditions that effectively prohibits the building of the Novak/Florio home. That Superseding Order did not issue until well beyond 70 days from the date of the ALJ’s decision. From that adverse Superseding Order, Novak and Florio have a right to an agency adjudicatory hearing (which they have requested). As of oral argument on the present motion, no date for that adjudicatory hearing had even been scheduled. These are the remaining agency proceedings that DEP argues must first be exhausted before this court should review the AU’s decision of October 21, 1994. While agency proceedings are still pending, Novak and Florio may not resume work at the site.
Discussion
DEP has moved to dismiss on the ground that Novak and Florio have not yet exhausted their administrative remedies. East Chop Tennis Club v. Massa *455 chusetts Commission Against Discrimination, 364 Mass. 444, 448 (1973). Here, as in Nóvale I, plaintiffs assert that DEP has no jurisdiction over the matter, and that they should not be required to exhaust those administrative proceedings before raising the jurisdictional issue before a court. In Novak I, that argument failed, as the agency itself was still considering whether it had jurisdiction. “Where the contention is that the board is acting beyond its jurisdiction, the board should have an opportunity to ascertain the facts and decide the question for itself.” St. Luke's Hospital v. Labor Relations Commission, 320 Mass. 467, 470 (1946).
At this juncture, however, the agency has completed its review of the jurisdictional question and has decided to assert jurisdiction by reinstating the previously dismissed Furman Request for Superseding Order. There is nothing in the ongoing proceedings before the agency that readdresses, or will ever readdress, the jurisdictional question.[6] Plaintiffs contend that that assertion of jurisdiction is wrongful. They further observe that DEP’s assertion of jurisdiction is imposing substantial hardship on them, as they can not resume work on the construction of their house throughout the remainder of the proceedings. Given that the proceedings to date have been protracted beyond all reasonable bounds (without the slightest heed for the time limits set by statute), and given that there is no end in sight to these unduly protracted proceedings, plaintiffs face the prospect of years of delay before they could even get the jurisdictional question reviewed.
Further exhaustion of administrative remedies is not required where an agency is acting clearly beyond its authority, the agency has already had an opportunity to consider and has considered the issue of its own jurisdiction, and exhaustion of further administrative remedies before having a court determine the jurisdictional question would impose substantial hardship on the plaintiffs. Accordingly, the court will not require Novak and Florio to exhaust further administrative proceedings.
The court is satisfied that DEP’s assertion of jurisdiction over this project by way of reinstating Furman’s previously dismissed Request for Superseding Order is based on an error of law, unsupported by substantial evidence, arbitrary, capricious, and an abuse of discretion. Under long established agency policy, as promulgated in writing, failure to serve an applicant with a Request for Superseding Order within ten days of the issuance of the Order (as required by 310 CMR 10.05(7) (d)) mandates dismissal of the Request. Where the applicant has not been served in a timely fashion, there is a presumption that the applicant has been prejudiced by that delay. That presumption was adopted in light of the agency’s experience that, when called upon to demonstrate prejudice from lack of timely service, every applicant had been able to do so.
Although the written policy itself states clearly that such Requests “will be dismissed” because the applicant is presumed prejudiced (making no mention of any opportunity to rebut that presumption), the agency apparently treats the presumption of prejudice as a rebuttable presumption. Under that practice (to which the court will defer), there must be “evidence demonstrating affirmatively that lack of timely service has not prejudiced the applicant.” Final Decision, p.9. Thus, Novak and Florio’s position in Furman’s administrative appeal of the dismissal of his Request should have been that they were presumed prejudiced, that they were under no obligation to provide any further evidence of prejudice, and that the burden was on Furman to produce evidence that they were not prejudiced by the delay in service.
Beyond the presumption to which Novak and Florio were entitled, the undisputed chronology of events showed that they had at least relied on the unappealed Order of Conditions to the extent of proceeding with their application for a septic permit (including the application fee for that permit) long before receiving any form of notice of Furman’s Request for Superseding Order. Additional steps were taken by Novak and Florio in the fall of 1993, with the record unclear which of those steps came before and which came after the late November telephone notice from DEP about Furman’s Request.[7] The ALJ then treated these acts in reliance on the finality of the Order of Conditions as only a “little” reliance, and then concluded that Novak and Florio were “not prejudiced.”
The irrationality of that conclusion is palpable. If one is presumed prejudiced, and one has further shown at least a “little” actual prejudice, the fact that the prejudice actually shown is only a “little” prejudice does not affirmatively demonstrate that there was “no” prejudice. In other words, rather than giving Novak and Florio the benefit of the presumption to which they were entitled, the ALJ’s analysis effectively required them both to demonstrate prejudice and to meet some unannounced standard of magnitude of that prejudice.
Furthermore, to affirmatively show that there was “no” prejudice, one would have to show affirmatively that the additional steps taken by Novak and Florio in the fall of 1993 came after the telephone notice from DEP. If the record is inconclusive as to whether those steps were taken shortly before or shortly after the call, the record has not established “affirmatively” that they were taken after. Again, the ALJ’s analysis does not reflect a proper application of the principles of a rebuttable presumption.
The ALJ then attempts to bolster his inaccurate conclusion that there was “no” prejudice by pointing to the fact that Novak and Florio continued to take steps towards completion of the project after receiving the phone call from DEP in late November 1993. Of course, nothing in Novak and Florio’s conduct after that phone call from DEP changes the fact that they are presumed prejudiced by the lack of service or the fact that they showed some actual prejudice occurring *456 prior to that call. Furthermore, the ALJ’s assessment of Novak and Florio’s conduct after the November 1993 telephone call from DEP ignores the fact that that same phone call simultaneously advised them that DEP would not entertain the Request because of its untimely service on the applicants. This advice, a completely accurate recitation of the agency’s written policy on the subject, did not in any sense convey to Novak and Florio that they should cease work. To the contrary, it assured them, quite accurately, that Furman’s Request would be dismissed. Thus, while the ALJ was apparently offended by the fact that Novak and Florio continued with the project after “constructive notice” of the filing of Furman’s Request, there should be no such offense taken, as they simultaneously received “constructive notice” that the Request would be rejected.[8]
Plaintiffs have also demonstrated to the court that the agency’s refusal in this case to give them the benefit of the presumption of prejudice is inconsistent with the agency’s treatment of this same issue in other cases. Plaintiffs point to a December 23, 1994 Final Decision and a Januaiy 24, 1995 Decision on Motion for Reconsideration (by the same ALJ as the present case), in which the applicant received constructive notice of the filing of an appeal within one to two days of the time it should have been formally served with the opponent’s appeal request. In re Massachusetts Bay Transportation Authority, DEP Docket No. 94-084. In that matter, the ALJ was satisfied that those couple of days did prejudice the applicant because the applicant had, in reliance on the finality of the agency’s decision, issued a notice of contract and begun “preparing the contract for execution.” In other words, the mere commencement of preparation of contract documents was sufficient to convince the ALJ that the applicant had been prejudiced by a two day delay in receipt of notice.[9]
In the present case, there was several months delay in constructive notice to the applicants.[10] These applicants had not only begun preparing some contract for their work, but had actually engaged one such contractor (the septic system engineer) and, with the help of that contractor, filed for a septic construction permit. A structural engineer had also been hired in the fall of 1993, with the record indicating that that contractual obligation may also have been incurred prior to constructive notice of the pendency of the appeal. In the court’s view, the analysis of what constitutes “prejudice” set forth in the MBTA decision can not be reconciled with the ALJ’s refusal to find “prejudice” on the facts of the present case. Inconsistent application of what is supposed to be the same standard is persuasive evidence that the agency is acting arbitrarily and capriciously and abusing its discretion.
On the prejudice issue alone, the DEP’s Final Decision reinstating Furman’s previously dismissed Request for Superseding Order was based on an error of law, unsupported by substantial evidence, arbitrary, capricious, and an abuse of discretion.[11] On the facts as found by the agency, Novak and Florio were entitled to the final dismissal of Furman’s Request for Superseding Order and to a lifting of the stop work order. Accordingly, they are entitled to judgment in their favor reversing the agency’s Final Decision, ordering the dismissal of Furman’s Request for Superseding Order of Conditions, vacating any Superseding Order or other order issued by DEP based on Furman’s Request for Superseding Order, and enjoining DEP from preventing or otherwise interfering with the performance of work on plaintiffs’ property pursuant to the Order of Conditions as issued by the Newbury Conservation Commission.
As filed, Novak and Florio’s complaint sought further relief on counts other than their request for judicial review under G.L.C.30A, §14. Specifically, plaintiffs sought monetary relief for alleged denial of due process and denial of equal protection. DEP has moved to dismiss those counts as well. In large part, DEP’s arguments in support of dismissal of those other counts are premised on the lack of a final agency decision. DEP also sought to dismiss the claims as duplicative of claims already pending in Novak I. In light of the court’s ruling and order giving Novak and Florio relief under G.L.C.30A, §14, it is not clear whether they intend to pursue their other claims in this case, nor is it clear whether they will pursue their claims in Nouakl. If they do intend to pursue the remaining counts of the present complaint, it is also unclear whether Novak and Florio would still object to consolidating those remaining counts with the virtually identical counts that are pending in Novak I.[12] Novak I itself had dismissed certain of plaintiffs’ claims without prejudice on the ground that they were not ripe. The decision in the present case would now at least arguably render some of those dismissed claims ripe.
At this juncture, it would be advisable for the parties to revisit their positions on which claims will still be pressed against DEP and Furman, which dismissed claims from Novak I plaintiffs’ wish to reinstate, and whether consolidation of all remaining claims would be in the best interest of the parties in both actions. Until some of these procedural matters are addressed by the parties in the light of the court’s decision granting Novak and Florio relief under G.L.C.30A, the court will not take any action with respect to the remainder of DEP’s motion to dismiss. DEP may renew and/or supplement its motion to dismiss if those other procedural steps do not cure the concerns raised in DEP’s present motion.
ORDER
For the foregoing reasons, defendant’s motion to dismiss for failure to exhaust administrative remedies is DENIED. Finding no just reason for delay, it is hereby ORDERED that separate and final judgment in favor of plaintiffs be entered on Counts Two, Three, Four, Five and Seven as follows:
*457 The October 21, 1994 Final Decision of the Department of Environmental Protection in the Matter of Eugene M. Novak and Christine Florio is reversed. The Department is ordered to dismiss the Request for Superseding Order of Conditions filed by Edwin J. Furman and to vacate any Superseding Order or other order based on Furman’s Request for Superseding Order. The Department is hereby enjoined from preventing or otherwise interfering with the performance of work on plaintiffs’ property pursuant to the Order of Conditions as issued by the Newbury Conservation Commission.

This requirement is also spelled out on the Conservation Commission form issuing the Order of Conditions.

Furman’s January 13, 1994 letter had not provided any evidence of the required service on the applicants, as no such evidence existed. Notwithstanding Furman’s argument of agency estoppel on the service issue (an argument with no legal merit in any event), Novak and Florio would reasonably assume that DEP’s announced policy of dismissing the appeal would be adhered to by the agency. There is nothing in the record to suggest that Novak and Florio were advised, prior to March 1994, that DEP was giving any consideration to reinstating Furman’s appeal. Until that time, Novak and Florio would reasonably assume that DEP would defend its own decision to dismiss Furman’s Request for failure to make proper service.

Other claims and theories were also raised in Novak I, some of which were dismissed and some of which were not.

The applicant’s attorney’s affidavit, submitted to the ALJ, had described that call as occurring in “late November of 1993.”

As of the date of Furman’s January 13, 1994 letter requesting that his Request be re-opened and processed, some 166 days had elapsed since the original Request had been filed. In other words, the appeal itself did not even start until over three months after the time that the Superseding Order, if any, was to have issued. From the filing of that appeal until the ALJ’s decision in October 1994, another 281 days elapsed. Thus, as of October 1994, Novak and Florio found themselves at the commencement of a proceeding on Request for Superseding Order that should have been completed back in September 1993.

While it may have been mere “boilerplate” language inserted without legal analysis, the agency’s own decision on the jurisdictional question is entitled “Final Decision,” and the Decision expressly told the parties that they could appeal the Decision to the Superior Court. Those instructions about appeal did not pertain to some later appeal after the exhaustion of the remaining administrative proceedings. Rather, the Decision told the parties that, in order to appeal, they “must” file their complaint in court within thirty days of receipt “of this Decision.” Had Novak and Florio simply proceeded with the remaining steps in the administrative proceedings and not filed the present action when they did, they could have faced an argument that they had failed to file a timely appeal as instructed in the Final Decision.

The ALJ found that certain of these steps were taken “approximately at" the time of the phone call from DEP. If something occurred “approximately at” the time of that call, it may well have occurred shortly prior to the call. There is no showing, and no specific finding, that the steps the ALJ is referring to occurred after that call.

Formal written notice of the dismissal was conveyed to Novak and Florio in DEP’s letter of January 11, 1994. The very earliest notice that there was any possibility of further proceedings came in Firrman’s letter of January 13. By January 13, there is no question that Novak and Florio had taken fiirther significant steps in reliance on the original Order of Conditions.

There does not appear to be any indication that that applicant was bound to the contract in question, as the contract documentation was still being prepared when the applicant received word that the appeal had been filed.

The presumption that lack of timely service prejudices the applicant is a presumption that can only get stronger as time passes. The longer the delay before the applicant gets some notice of the pendency of an appeal, the more likely it is that the applicant has relied on the finality of the underlying agency decision. As indicated above, Novak and Florio did not receive any notice that a Request for Superseding Order was pending until long after the entire time for considering and issuing any Superseding Order had run.

In light of the court’s analysis, it is not necessary to address plaintiffs’ alternative argument that DEP’s failure to issue a Superseding Order within the 70 days prescribed by G.L.c.131, §40 deprived the agency of jurisdiction to issue such an Order. To date, at least two Justices of this court have held that the statutory 70 day limit is mandatory and that any Superseding Order of Conditions issued after the 70 days have run is invalid. Roberts v. DEQE, Barnstable Superior Court, Civil Action No. 43650 (February 3, 1984) (Dolan, J.); McKallagat v. DEQE, Essex Superior Court, Civil Action No. 88-1365 (March 20, 1989) (Ronan, J.). DEP points to a Rule 1:28 decision of the Appeals Court, which held that DEP’s failure to issue its Superseding Order within the 70 days did not render the Order invalid. Gribens v. DEP, 92-P-1520 (January 31, 1994). Decisions issued pursuant to Rule 1:28 are binding on the parties to the appeal, but “are not to be relied upon or cited as authority in unrelated cases.” Lyons v. Labor Relations Comm'n, 19 Mass.App.Ct. 562, 566 &n.7 (1985). See also Wolbach v. Beckett, 20 Mass.App.Ct. 302, 306 n.5 (1985) (Rule 1:28 decisions are “unavailable for use as precedent"). As such, the parties’ arguments on this alternative theory present a close question as to which the state of existing precedent is uncertain.

That opposition was based exclusively on plaintiffs’ concern that consolidation would delay decision on their G.L.C.30A request for judicial review.