JOSEPHINE PUTIGNANO *vs.* TREASURER AND RECEIVER
GENERAL.[1]

No. 00-P-559.

Suffolk. March 22, 2002. - September 13, 2002.

Present: DUFFLY, KASS, & TRAINOR, JJ.

*Real Property,* Registered land. *Land Court,* Registration proceedings. *Treasurer and Receiver General. Judgment,* Preclusive effect.

The plaintiff, who claimed that she was wrongly deprived of a parcel of land by the registration of a town as the owner of the land, which the town had acquired through tax title proceedings, was not entitled to compensation under G. L. c. 185, § 101, against the land registration fund established under G. L. c. 185, § 99, where prior proceedings had established preclusively against the claimant that she was negligent in the maintenance of her land claim. [831-833]

CIVIL ACTION commenced in the Superior Court Department on January 19, 1994.

A motion to dismiss was heard by *Mitchell J. Sikora,* J.

*David A. Kiernan* for the plaintiff.

*Daniel J. Hammond,* Assistant Attorney General, for Treasurer and Receiver General.

KASS, J. In her complaint, Josephine Putignano alleges that, without negligence on her part, she was wrongly deprived of land by the registration of the town of Yarmouth as the owner of that land ("locus"). She claims compensation under G. L.

[1]Putignano's initial complaint in this action, filed January 19, 1994, named only the Treasurer and Receiver General ("Treasurer") as a defendant. A judge of the Superior Court, who heard all the proceedings in the case, ordered Putignano to file an amended complaint that included as defendants all persons against whom the Treasurer might have rights of subrogation. See G. L. c. 185, § 102 (2d sentence). Judgment was entered in favor of the town and its counsel, the additional defendants named in the amended complaint. Putignano has confined her appeal to the judgment in favor of the Treasurer.

c. 185, § 101, against the land registration assurance fund established under G. L. c. 185, § 99. We decide that prior proceedings have established preclusively against Putignano that she was negligent in the maintenance of her land claim and affirm the judgment in favor of the Treasurer and Receiver General ("Treasurer").

To illuminate the basis for our decision, it is necessary to describe the errant and protracted course (not due to any apparent fault of the Land Court or the Superior Court) of prior proceedings in regrettably tedious detail. The antecedents of the controversy lie in a petition that Yarmouth filed with the Land Court in April, 1973, to confirm and register title to the locus, which the town had acquired through tax title proceedings. Yarmouth's registration petition was docketed as No. 37845. Dominic John Putignano, as trustee of the Dominic John Putignano Trust, filed an objection to the registration petition, claiming an interest in the locus.

Ten years later, on July 19, 1983, the trust's lawyer filed with the Land Court a withdrawal of his appearance and a withdrawal of his client's objections.[2] The occasion of those withdrawals, as Josephine Putignano conceded in a brief in an earlier proceeding before the Appeals Court, was to facilitate conveyance of the locus by Yarmouth to the New Testament Baptist Church of Yarmouth. Josephine Putignano became a successor in interest, in her own right and as executrix of her husband's estate, to the Putignano trust.

Later in 1983, on October 6, Yarmouth filed a motion stating that the lot that comprised the locus "is now proper for registration . . . whereas the title to [three other lots] involves questions which are not applicable to the [locus] and in relation to which further proceedings will be necessary." Accordingly, Yarmouth asked to be allowed to amend its petition "severing the same into two cases . . . and transferring to a new case all matters relating to [the locus] . . . ." The Land Court allowed the motion and docketed the severed case as No. 41416. The Putignano interests have not denied actual notice of the motion to sever or of the severance. While decisions issued pursuant to

---

[2]The withdrawal card, as reproduced in the record appendix, has written on it the words, "reserving right to see decree."

rule 1:28 of the Appeals Court, as amended, 46 Mass. App. Ct. 1001 (1998), may not be cited as authority in unrelated cases, we take note of a decision related factually and legally to a subsequent stage of the same controversy. See *Lyons* v. *Labor Relations Commn.*, 19 Mass. App. Ct. 562, 566 (1985). Courts take note of their own dockets. *Miller* v. *Norton*, 353 Mass. 395, 399 (1967). Contrast *Horner* v. *Boston Edison Co.*, 45 Mass. App. Ct. 139, 141 (1998).

There is an undated document in the record appendix by which Mr. Victor G. Fields, who throughout had acted as counsel for the Putignano interests, moves to "confirm the appearance of Josephine Putignano" in case No. 37845 on the ground that the Putignano trust had dissolved by its terms on June 18, 1982, rendering Mr. Field's withdrawal of the trust's objection a nullity. Also included in the record appendix, again undated, is a document that purports to move to file late objections to the registration petition in case No. 37845.[3] In the meantime, registration case No. 41416, in which the dispute over the locus had lodged, proceeded at measured pace to a decree in favor of Yarmouth that was entered on May 6, 1988. On July 26, 1988, Putignano filed a petition to vacate the registration decree (see note 3, *supra*), in which she (through counsel) makes the remarkable statement: "It was intended and expected that the[] [late-filed] objections would be noted on the severed case aforementioned." In addition to this suggestion that it was the business of the Land Court clerk to cross-file to case No. 41416 motions on which Putignano's counsel had placed the docket number, 37845, of the off-locus registration case, the petition to vacate the registration decree asserts that Yarmouth, through its counsel, and the New Testament Baptist Church (which received a deed from the town after the registration decree was issued) were aware of the Putignano claim to the locus and had euchred Putignano out of her land through docket number sleight of hand.

The petition to vacate the decree of registration on these

---

[3]From a "Petition to Vacate Decree of Registration" that appears in the record appendix, filed with the Land Court (in case No. 41416) on July 26, 1988, it appears that the motion to file late objections was filed on November 17, 1987.

grounds met with no success in the Land Court nor in a subsequent appeal to this court. In the unpublished decision in that appeal, entered on February 1, 1990,[4] we stated that the Putignano interests "do not currently assert, nor did they do so below, that they did not have actual notice of the motion [to sever] or the severance. . . . The result in this case, therefore, can be traced directly to the [Putignanos'] own omissions and their failure to meet their obligation to assert their claim. See *Tetrault* v. *Bruscoe*, 398 Mass. 454, 462-463 (1986). . . . Neither the town nor the Church intentionally or recklessly concealed the [Putignanos'] interest, if any, from the Land Court. Compare *State St. Bank & Trust Co.* v. *Beale*, 353 Mass. 103, 103-104 (1967); *Kozdras* v. *Land/Vest Properties, Inc.*, 382 Mass. 34, 40-43 (1980). Contrast *Christian* v. *Mooney*, 400 Mass. 753, 763 (1987), appeal dismissed and cert. denied [sub nom. *Christian* v. *Bewkes*, 484 U.S. 1053] (1988); *Snow* v. *E. L. Dauphinais, Inc.*, 13 Mass. App. Ct. 330, 333 (1982)." As to the town and its counsel, Mr. John C. Creney, the claims of fraud through intentional concealment (of the severed registration case from Putignano) in the action from which this appeal comes were foreclosed by familiar principles of issue preclusion. See *Fay* v. *Federal Natl. Mortgage Assn.*, 419 Mass. 782, 789-791 (1995); *Boyd* v. *Jamaica Plain Co-op. Bank*, 7 Mass. App. Ct. 153, 159-160 (1979). See also Restatement (Second) of Judgments § 27 (1982).[5] The Superior Court judge so ruled.

Putignano approaches the instant case as if the Land Court assurance fund, which, under G. L. c. 185, § 100, is managed, kept invested, and disbursed by the Treasurer, is an absolute guarantor against loss of rights in land through the registration process. Having, as she points out, exhausted her remedies against the town and its servants, she claims rights under G. L. c. 185, § 101 (as amended by St. 1987, c. 710), which, so far as material, provides:

"[A] person who, *without negligence on his part*, is

---

[4]The rescript is reported at 28 Mass. App. Ct. 1110 (1990).

[5]The plaintiff had not named Mr. Creney a defendant in the earlier case, but as he acted in a representative capacity for the town at all times, adding him in the current case does not destroy the parallelism of parties and the consequent preclusive effect of the earlier judgment.

deprived of land or of any estate or interest therein, by the registration of another person as owner of such land or of any estate or interest therein, through fraud or in consequence of any error, omission, mistake or misdescription in any certificate of title or in any entry or memorandum in a registration book may institute an action in contract in the superior court for compensation from the assurance fund for such loss, damage or deprivation; but a person so deprived of land or of any estate or interest therein, having a right of action or other remedy for the recovery of such land, estate or interest, shall exhaust such remedy before resorting to the action of contract herein provided'' (emphasis supplied).

Absence of negligence on Putignano's part, or her predecessors in title, in the loss of her property interest, if any, is a condition of such rights as she may have against the Treasurer under the statute. For that reason her amended complaint alleges she and her predecessors "were without negligence in the course of the proceedings which resulted in the registration by another person as the owner of the subject parcel of real estate." The Treasurer has the benefit of our opinion in the previous case that the Putignano claimants had lost their claimed interest through omission and failure to meet their obligations to assert their claims, i.e., through their negligence. That opinion is binding here even though the Treasurer was not a party to the prior proceeding and, ordinarily, issue preclusion applies when the later case involves the same parties and their privies. See *Bagley* v. *Moxley*, 407 Mass. 633, 636-637 (1990); *Salem* v. *Massachusetts Commn. Against Discrimination*, 44 Mass. App. Ct. 627, 639 (1998). The claim against the Treasurer is wholly derivative in that it is based on the alleged failure of the town and its servants to notify Putignano of the registration proceedings; it is not based on any error by the Land Court or personnel of the Land Court. Contrast *Overly* v. *Treasurer & Receiver Gen.*, 344 Mass. 188, 193-195 (1962). The first and second sentences of G. L. c. 185, § 102, distinguish between actions against the assurance fund based wholly on acts of Land Court personnel and those based on acts of persons other than Land Court personnel. In the case of the latter type of claim, G. L. c. 185, § 103, requires recovery in the first instance against the

defendants other than the Treasurer. Although in her brief on appeal, Putignano purports to proceed under the first sentence of § 102, i.e., an act or omission of Land Court personnel, her underlying complaint alleges no mistake or other faults by Land Court personnel.

When a prior case has concluded with a final judgment that a primary liability does not exist, we are of opinion that a party such as the Treasurer, who has only secondary liability, may have the benefit of the judgment. See Restatement (Second) of Judgments § 51 (1982). Cf. Restatement (Third) Suretyship & Guaranty § 67(1) (1996). The Treasurer, in every real sense, does become a privy of the party against whom primary liability was asserted.

Judgment in this case was allowed on the basis of a motion to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974). Consideration of such a motion takes all averments in the complaint as true. We have decided that the averment in the complaint that the plaintiff was without negligence had been barred on grounds of issue preclusion. In such circumstances, when matter outside the pleadings is considered, we treat the motion as one for summary judgment. See Mass.R.Civ.P. 12(b); *Watros* v. *Greater Lynn Mental Health & Retardation Assn., Inc.*, 421 Mass. 106, 108-109 (1995). So treated, the motion was properly granted.

*Judgment affirmed.*