The plaintiff, B. Ruben DeWayne, claims to have a prescriptive easement over the defendants' registered property to reach his garage, which was built in 1924. He contends the easement should have been noted in the 1972 decree of registration of the defendants' property and that its absence is due to submission of inaccurate or incomplete plans which, he asserts, amounts to perpetrating a fraud on the court and renders the decree void ab initio. A judge of the Superior Court allowed the defendants' motion for summary judgment and dismissed the plaintiff's complaint. We affirm.
"[F}or registered land to be burdened by an easement, generally the easement must be shown on the certificate of title." Hickey v. Pathways Assn., 472 Mass. 735, 754 (2015). "This is so whether the easement in question was granted by deed or acquired by prescription. To hold otherwise would undermine the integrity of the registration system, for over every title would loom the possibility of an undisclosed but valid interest in the land acquired through prescriptive use." Tetrault v. Bruscoe, 398 Mass. 454, 461 (1986). Here, no easement is noted in the decree or the certificate of title and even if an easement by prescription had existed before the registration decree, any such easement did not survive the registration proceedings. See id. at 459-460.
As the plaintiff points out, his predecessor in title objected to the registration claiming the same easement that the plaintiff claims in this action. "Before the Land Court issues a judgment of registration, it first must pass on the validity of asserted encumbrances.... Therefore, a certificate of title represents a determination by the Land Court that only those encumbrances appearing on the certificate are valid." Ibid.
To the extent the plaintiff contends that the decree was obtained through fraud by the filing of incomplete plans, where it is undisputed that the plaintiff's predecessors received notice and in fact responded to the registration proceedings, they had an opportunity to raise any issue regarding the accuracy of the plans at that time. Familiar principles of issue preclusion foreclose that argument now. See Putignano v. Treasurer & Receiver General, 55 Mass. App. Ct. 828, 831 (2002).[3]
Judgment affirmed.

Moreover, if the plaintiff had a valid argument that the registration decree is void, the Legislature has "provided, reasonably we think, that any attack on the integrity of a judgment of registration may only be asserted in the Land Court, the forum from which the challenged judgment issued." Tetrault, 398 Mass. at 460. "[T]he Land Court has the resources of its engineers, records, and specialized knowledge which make it the more suitable forum to form judgments in cases that will result in changes in the state of a registered land title." Feinzig v. Ficksman, 42 Mass. App. Ct. 113, 117 (1997).